IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JUDITH DRAKE** | **:  CIVIL ACTION** |
| | : |
| **v.** | : |
| | : |
| **NATIONAL LIFE INSURANCE** | : |
| **and JOHN DOE(S)** | **:  NO.   17-2593** |

### ORDER

**NOW,** this 12th day of June, 2017, upon consideration of the complaint and it appearing that there is no basis for alleging complete diversity of citizenship,[1] it is

**ORDERED** that the complaint is **DISMISSED** for lack of jurisdiction.

/s/ Timothy J. Savage

---

[1] Because federal courts are courts of limited jurisdiction, there is a presumption that the federal court lacks jurisdiction without an affirmative statement to the contrary. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). In the absence of a proper and complete allegation of diversity jurisdiction, a federal court is without jurisdiction. *Chemical Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210,   222 (3d Cir. 1999) n.13; 28 U.S.C. § 1332.

The complaint alleges that the plaintiff is a citizen of Pennsylvania and that defendant National Life Insurance Company is a citizen of Vermont, its state of incorporation. *Compl.* ¶¶ 1-2. The complaint also names as defendants John Doe(s), who are described as "additional actors and/or coconspirators of named defendants (sic), including but not limited to, directors, officers, and employers of its affiliates, parent or subsidiary corporations or of other legal entities, and third party agents of and/or principals of named defendants (sic)", who were involved in the conduct alleged in the complaint. *Id.* at ¶ 3. The citizenship of the Doe defendants is unknown. *Id.*

There is no provision in the federal rules permitting the use of fictitious party names. Under the federal rules, the only method a party may use to name a defendant not originally identified in the complaint is the "relation back" guidelines set forth in FED. R. CIV. P. 15(c). In a complaint alleging diversity of citizenship as the basis for federal jurisdiction, the burden is on the plaintiff to affirmatively identify the citizenship of each defendant. *Chemical Leaman*, 177 F.3d at 222 n.13. The use of John Doe defendants in diversity cases destroys federal jurisdiction because the court is unable to determine whether there is complete diversity. Therefore, the complaint must be dismissed.